Argued January 16, decided February 15; rehearing denied April 26, 1910.

## DUSENBERRY v. HORNING.

[106 Pac. 1019.]

APPEAL AND ERROR—PARTIES ENTITLED TO ALLEGE ERROR—RESPONDENT.
1. Defendant, who did not appeal from a decree in part for plaintiff, could not, on plaintiff's appeal, raise questions determined by the decree in his favor.

PARTNERSHIP — RIGHTS OF PARTNERS — FIRM BUSINESS — INDIVIDUAL TRANSACTIONS—WHAT CONSTITUTES.

2. Defendant and plaintiff were partners in land cruising under an agreement to divide the fees for all locations made on public lands for others. The information which defendant furnished a certain person to enable him to locate on land was acquired by defendant while he and plaintiff were cruising the land. The land on which others were located was discovered by plaintiff and defendant, plaintiff assisting to run the lines. Plaintiff and defendant agreed that defendant might reserve a certain claim for his daughter, and other land which had been selected by plaintiff and defendant's son for their own location was, at defendant's request, released to defendant, who located another thereon. Held, that the claim originally selected by defendant's son on which defendant located another with the son's consent, and, in view of the agreement permitting a location for the daughter's use, the claim originally selected by the plaintiff for his own use, would be treated as belonging to the son and plaintiff individually, so that the fees for locating those claims were not partnership profits, but plaintiff was entitled to share equally in the fees for locating the other claims.

PARTNERSHIP—DISPOSING OF PARTNERSHIP PROPERTY—ACCOUNTING.

3. If information secured by defendant, plaintiff's partner, in cruising land and locating persons thereon, as to certain locations, was partnership property, he could not give away such information by locating another by reason thereof without charge, and, if he did so, was bound to account to plaintiff for the location fees which he should have charged.

From Klamath: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE SLATER.

C. H. Dusenberry, plaintiff herein, sues to establish a partnership relation between himself and the defendant, J. Robert Horning, for an accounting of the earnings, and a dissolution thereof, alleging, in substance, that about September 17, 1906, they mutually agreed to cruise timber lands on the public domain, and locate applicants thereon; that the charge for such service was to be, and was thereafter, $100 for each applicant; that they were to manage the business, collect for their services, and share equally the profits or losses of the business; that, in pursuance thereof, plaintiff and defendant cruised timber lands on the public domain in Klamath and Lake counties of this State, and located 16 persons at the agreed price of $100 each; that thereby $1,600 became due and owing to the partnership, which defendant collected, and of which plaintiff received only $200, the remainder

thereof being retained by defendant, who has refused to account therefor to plaintiff.

Defendant by his answer denied all the material averments of the complaint, but admitted that the plaintiff had received the sum of $200 out of a certain transaction in which he had an interest.

Upon a trial the court found that a partnership was formed to cruise timber lands of the public domain, to purchase the same with scrip, and to sell the same and divide equally the profits accruing therefrom, or likewise share the losses, if any; that, in pursuance thereof, they cruised timber lands of the public domain in Klamath and Lake counties, and as an incident thereto located four applicants upon four separate tracts, without the use of scrip, for the agreed price of $100 each, which was received by and equally divided between plaintiff and defendant; that subsequently they cruised five claims suitable for purchase with scrip, but that the defendant, upon whom the obligation rested to furnish the scrip, could not obtain scrip to purchase the same, and so notified plaintiff that scripping of the land was impracticable and must be abandoned; that thereafter defendant located thereon five applicants at the agreed price of $100 each for four claims, and $50 for the remaining one, to-wit, E. L. Whittaker, $100; Mrs. R. E. Nickerson, $100; Mrs. Archie Mason, $100; Mrs. Belle Steiner, $100; and Mrs. A. Foster, $50; that prior to the commencement of this suit all of the expenses of this partnership had been settled and paid in equal shares by plaintiff and defendant; that of the sums so agreed to be paid by said applicants the sum of $100 was paid by Mrs. Nickerson, $50 by Mrs. Foster, and $100 by E. L. Whittaker, the remainder being unpaid; that of the sums so paid plaintiff received $50, and the defendant $200; and that of the remaining $200 still due and unpaid to the partnership the plaintiff is entitled to $175 and the defendant to $25. A decree was

entered accordingly, from which plaintiff alone has appealed.                                    MODIFIED.

For appellant there was a brief over the names of *Mr. C. F. Stone* and *Messrs. Veazie & Veazie* with an oral argument by *Mr. J. C. Veazie.*

For respondent there was a brief over the names of *Mr. Myron E. Pogue* and *Mr. Thomas Drake* with an oral argument by *Mr. Pogue.*

MR. JUSTICE SLATER delivered the opinion of the court.

Plaintiff contends that seven other persons, to-wit, W. B. Barnes, Archie Mason, Mrs. Kate C. Ogle, Miss Horning, daughter of defendant, Mrs. Rose Trask, Mrs. Isabel Sargeant, and Mrs. Meyers, were located by defendant upon timber claims, which had been found and cruised by plaintiff and defendant during the existence of the copartnership, and that he is entitled to share in the location fees agreed to be paid by those applicants. The decree entered declared the existence of a partnership relation between the parties, formed for the agreed purpose of discovering and cruising vacant timber lands of the public domain in Klamath and Lake counties, with a view of purchasing the same with scrip to be furnished by defendant, and then disposing of the lands for a profit to be divided equally; that, as an incident thereto, and by special agreement of the parties, the four locations first mentioned were made; and that the five last mentioned therein were made by the defendant, after the abandonment of the scripping plan, but upon claims cruised by plaintiff and defendant, and therefore equitably within the partnership agreement.

1. The defendant, not having appealed, is bound by the terms of the decree, and we therefore need not inquire whether there was in fact a partnership, but may assume that fact as settled in plaintiff's favor, and we need to

inquire only as to whether the locating of the applicants now in question was within the partnership business. It is conceded by the defendant that he did locate the parties named upon timber claims. It is also clearly shown by the facts that the locations were made after the formation of the copartnership and before its termination, so that the inquiry is narrowed to the one question: Whether the claims, upon which the parties named were in fact located, were discovered as vacant lands and cruised by the joint labor of the two copartners, or by either of them, when engaged in the business of the partnership. The first excursion made by these parties after the making of their agreement was to cruise lands in township 29 south, of range 12 east of Willamette meridian. They started from Klamath Falls on September 13th, but, as these lands were advertised to be opened to settlement on the 22d of that month, they concluded before leaving that there would be little chance to use scrip in the purchase of the land, so they decided to locate people thereon for a consideration, and induced four persons to accompany them with that object in view. The defendant was then engaged in the real estate business in the town of Klamath Falls, and knew of this land, and had these applicants as customers. Plaintiff was a woodsman, with some knowledge of the use of a compass, the cruising of land, and how to search out the lines. So these parties appear to have combined the peculiar advantages of the situation and knowledge of each in a joint enterprise. There is no dispute about the location fees from the four persons who accompanied them on this trip; for the money was received and equally divided. Plaintiff, however, testifies that he and defendant looked at 10 or 12 claims in that township, and, having discovered other persons at the same time cruising the timber, they concluded to hasten their clients to Lakeview, to be there on the morning of September 22d, at the opening of the land to settlement

and sale, and thereby secure the first rights. This they succeeded in doing, but W. B. Barnes, who had not accompanied them on this trip, filed that day, and at the same time, with the four persons brought there by plaintiff and defendant upon a timber claim in the same township. The defendant admits that he located this man by furnishing him with the numbers of his claim. He also says that Barnes had agreed to go with them upon this trip, but did not. The reason is not given. It is quite evident from the whole of the testimony that prior to the making of this trip and the cruising of the land, defendant was not possessed of the necessary information to locate any one upon land in that township, and that the information afterwards furnished by him to Barnes on the 22d of September, when all were making their entries, was acquired by him when cruising the land with plaintiff, and therefore he should account to the latter for one-half of the fee.

2. The claim on which Archie Mason was located by the defendant had been previously selected by the defendant's son for his own location, but, at the request of defendant, the son released his right thereto. We think this should not be included in the partnership transactions between plaintiff and defendant, and therefore no allowance is made to plaintiff on that item.

The next claims to be considered are those taken by Mrs. Ogle and defendant's daughter. The land on which they were located was discovered and cruised by plaintiff and defendant when together on their return trip from Lakeview. Although defendant first testifies that plaintiff never saw the land taken by Mrs. Ogle until after she had located thereon, yet on cross-examination he admits that plaintiff did help him run out the lines. There is no dispute as to when and how the daughter's land was discovered and cruised, but it is claimed by defendant that at the time it was found and cruised, plaintiff was with

him, and that they then specially agreed that defendant might reserve this claim for his daughter, and that plaintiff might take another particular claim for himself, or locate some one on it, and keep the entire fee to equalize matters. Plaintiff admits the proposal of this, but denies the agreement, and says that the other claim spoken of was poor timber, and not satisfactory, and, in fact, was taken by another person at that time. It is practically admitted by both parties that plaintiff and defendant's son, when upon another timber-cruising expedition, had each selected a claim for his personal use, and on their return met defendant on the road, who was then on his way to the same territory, to locate Mason and his wife and Mrs. Steiner; that plaintiff and defendant's son, at defendant's solicitation, each abandoned his intention to personally enter the land, so as to allow defendant to locate Mr. and Mrs. Mason thereon, which he did. We have treated the son's claim as his personal right, and excluded plaintiff from participation in the location fee, and in view of the special contract in reference to the daughter's claim, we shall treat plaintiff's claim as his personal right, entitling him to the entire fee collected from Mrs. Mason, or, as the trial court allowed him one-half thereof, allow him one-half of the customary fee of $100 for the daughter's claim, which will amount to the same thing. Mrs. Ogle's claim is also within the partnership business, and defendant should account to plaintiff for the one-half of the usual fee for that claim, although defendant says he did not charge her anything.

3. If the information secured was partnership property, and we think it was, defendant had no right in law or equity to give it away or dispose of it to his own advantage. The claims of Mrs. Rose Trask and Mrs. Isabel Sargeant were taken and located by them at the same time, and in the vicinity of the claims taken by Mrs. Nickerson, Mrs. Foster, and E. L. Whittaker, whose loca-

tion fees were included by the trial court in the partnership business. We see no reason, therefore, for excluding any of them, as we are satisfied that the land was discovered and examined by plaintiff and defendant when on their joint exploration for that purpose; but there is not sufficient evidence to justify the inclusion of the claim of Mrs. Meyers. Therefore the defendant should account to the plaintiff for one-half of the following items and amounts:

| | |
|---|---:|
| E. L. Whittaker's claim | $100.00 |
| Mrs. R. E. Nickerson's claim | 100.00 |
| Mrs. Archie Mason's claim | 100.00 |
| Mrs. Belle Steiner's claim | 100.00 |
| Mrs. A. Foster's claim | 50.00 |
| W. B. Barnes' claim | 100.00 |
| Mrs. Kate C. Ogle's claim | 100.00 |
| Miss Horning's claim | 100.00 |
| Mrs. Rose Trask's claim | 100.00 |
| Mrs. Isabel Sargeant's claim | 100.00 |
| | |
| Total | $950.00 |
| One-half to the plaintiff .......................$475.00 | |
| One-half to the defendant .................... 475.00 | $950.00 |

After the filing of the transcript on appeal herein, the defendant moved to dismiss the appeal, on the ground of a settlement of the cause, and, in support of his motion, he filed a number of affidavits. Upon consideration of the matter, we were not able to ascertain that a settlement had been made, as alleged, and we therefore denied the motion. But it appears from all of these affidavits that the respective amounts due upon all of the above items, with the exception of the claims of Mrs. Ogle and Miss Horning, have been collected by one or the other of the parties to this suit, and that of such collections plaintiff has received and retained $300, leaving a balance of $175 due him from the defendant.

The decree will therefore be so modified as to require

the defendant to account and pay over to plaintiff the sum of $175, and, upon his failure so to do, that execution issue to collect the same out of defendant's property.

MODIFIED.